JACKSON, *ex dem* WATSON, *against* SMITH.

A fine, and five years non claim, are conclusive evidence of title in the cognisee, against all persons not under any legal disability ; and a fine alone is sufficient to support an action of ejectment against a person who has entered during the five years, without title.

THIS was an action of ejectment, brought for the recovery of lot No. 13., in the township of *Camillus,* which was tried before Mr. *J. Van Ness,* at the *Onondaga* circuit, in *June,* 1815.

At the trial, the plaintiff gave in evidence a deed from *Timothy Downs* (who was described therein as the heir at law of *Patrick Downs,* to whom a patent for the lot in question had been

granted) to the lessor of the plaintiff, for the premises, dated the 16th *July,* 1793; also, a fine *sur cognizance de droit come ceo,* &c., levied in this court between *Hunlock Woodruff,* plaintiff, and *Elkanah Watson,* the lessor of the plaintiff, deforceant, on *Tuesday* the 13th of *August,* 1805, of the premises in question, and which was registered in the clerk's office of the county of *Onondaga,* on the 12th *September,* 1805, and a release, dated 10th of *August,* 1805, of the premises, from *Hunlock Woodruff,* to the lessor of the plaintiff.

The defendant gave in evidence that he went into possession of the premises under a contract for the sale thereof to him, by one *Joseph Brush,* in the year 1807, at which time the land was wild and uncultivated; and that he had continued in possession ever since, and made improvements.

A verdict was taken for the plaintiff, subject to the opinion of the court, on the above case.

*H. Bleecker,* for the plaintiff, contended, that the plaintiff having shown a good title, *prima facie* at least, was entitled to recover; that a fine was a solemn assurance of record, and equivalent to a judgment.* The fine, in this case, bound all parties, and strangers also, after five years, and the defendant's deed was subsequent to the fine.

*5 Cruise's Dig. 120. (Fine,) 3 Co. 78. b.*

*Sabin,* contra, insisted, that the defendant, having entered within five years after the fine was levied, was within the saving clause of the act, (1 *N. R. L.* 358. sess. 36. ch. 58. s. 7.) He cited *Jackson, ex dem. Scott,* v. *Huntly,*† as analogous in principle. That the entry alone was sufficient, without bringing a suit, there being no one in actual possession of the premises.

† *5 Johns. Rep. 59. 63, 64.*

*Bleecker,* in reply, contended, that no entry could be effectual to avoid a fine but by a person having right.‡ A fine can be avoided only by reversal in error, by pleading, or by averment of fraud. It was not necessary that any person should be in possession at the time the fine was levied, it being a conveyance of record.§ It is valid until duly avoided. If the land was vacant, the effect must be to put the cognisee in possession according to his right. The saving of the act is only to persons having right, and the defendant does not show a right.

‡ *5 Cruise's Dig. 233. 242. Tit 35. Fine. Bracton, 436. b. Dyer, 215. b.*

§ *5 Cruise, 137. 140.*

NEWYORK,    PLATT, J., delivered the opinion of the court. Levying a
October, 1816.  fine at common law, and as regulated by statute, is a *judgment*
BIGELOW     *of the court* upon the agreement of the parties, which not only
v.          transfers the right of the vendor, and all claiming under him,
JOHNSON.    but also extinguishes the rights of all others who omit to make
their claim in due season. (*Cruise's Dig. tit. Fine.*)

. Lord *Coke* likens it to a sale of personal property in *market
overt*, which is not only good and valid between the contracting
parties, but is, also, binding on all strangers who have any right
to the things sold. (2 *Inst.* 713.) At common law, all persons
were concluded, unless they made claim during the process of
levying the fine. (*Bract.* 436. A. & B. 5 *Cruise's Dig.* 121.) But
in the reign of *Edward* I., the law was altered so as to allow a
year and a day to all persons to claim, in order to avoid a fine.
Our statute allows *five* years to claim against a fine; and ex-
pressly affirms the common law, in declaring that a fine levied
pursuant to the forms regulated by the statute, " *shall be a final
end, and conclude, as well privies, as strangers to the same,*" ex-
cepting persons under disabilities, &c. It operates, not merely
as a shield to a person in possession under a doubtful title, but
as an absolute conveyance, or investment of title, *per se,* after
five years' acquiescence.

This fine must, therefore, be conclusive against the defend-
ant, for although he entered within five years, yet he has shown
no title in himself; and the plaintiff is entitled to judgment.

                           Judgment for the plaintiff.